IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                Case No.: 22-cr-57-jdp

MICHAEL S. MURPHY,

        Defendant.

PRELIMINARY ORDER OF FORFEITURE

Based upon the motion of the United States, the entire file in this case, and good cause appearing, the Court finds that:

1. On May 11, 2022, a federal grand jury sitting in Madison, Wisconsin returned an Indictment against defendant Michael S. Murphy. The indictment charged that on or about October 5, 2021, the defendant knowingly and intentionally distributed a mixture or substance containing a detectable amount of both heroin, a schedule I controlled substance, and fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). Count 2 charged that on or about October 13, 2021, the defendant knowingly and intentionally distributed a mixture or substance containing a detectable amount of both heroin, a schedule I controlled substance, and fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). Count 3 charged that on or about November 30, 2021, the defendant knowingly and intentionally distributed a mixture or substance containing a detectable amount of both heroin, a Schedule I

controlled substance, in violation of 21 U.S.C. § 841(a)(1). Count 4 charged that on or about December 5, 2021, the defendant knowingly and intentionally possessed with the intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of cocaine base (crack cocaine), a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1). Count 5 charged that on or about December 5, 2021, the defendant knowing he had previously been convicted of an offense punishable by a term of imprisonment exceeding one year, knowingly and unlawfully possessed in or affecting commerce a Ruger 9mm handgun, a Sig Sauer .45 caliber handgun, a Taurus 9mm handgun, 9mm ammunition, .45 caliber ammunition, and .380 ammunition, said firearms and ammunition having previously traveled in and affected interstate commerce, in violation of 18 U.S.C. § 922(g)(1). Count 6 charged that on or about December 5, 2021, the defendant knowingly and unlawfully possessed a loaded Ruger 9mm handgun, a Sig Sauer .45 caliber handgun, and a Taurus 9mm handgun in furtherance of a drug trafficking crime, specifically, possession with the intent to distribute a mixture or substance containing a detectable amount of heroin a mixture or substance containing a detectable amount of fentanyl, and a mixture or substance containing a detectable amount of cocaine base (crack cocaine) as alleged in County 4 of

the indictment all in violation of 18 U.S.C. § 924(c). The indictment also contained a forfeiture allegation for the forfeiture of $13,750.00.

ECF No. 2.

2. Pursuant to the plea agreement filed on September 23, 2022, the defendant agreed to the forfeit the $13,750.00, the Ruger 9mm handgun, the Sig Sauer .45 caliber handgun, the Taurus 9mm handgun, the 9mm ammunition, the .45 caliber ammunition, and the .380 ammunition. ECF. No. 18.

3. On October 11, 2022, the defendant pleaded guilty to Counts 2 and 6 of the indictment. ECF No. 19.

IT IS THEREFORE ORDERED:

1. That based upon Michael S. Murphy's plea agreement, and pursuant to 18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c); 21 U.S.C. § 853; and Rule 32.2 of the Federal Rules of Criminal Procedure, the defendant forfeits to the United States his right, title, and interest in the following:

   a. $13,750.00 in U.S. currency, a Ruger 9mm handgun, a Sig Sauer .45 caliber handgun, a Taurus 9mm handgun, 9mm ammunition, .45 caliber ammunition, and .380 ammunition.

2. The government is directed to seize and take custody of the above-referenced property.

3. Pursuant to 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish notice of the order and of its intent to dispose of property in

such a manner as the Attorney General may direct. Any other person, other than the defendant, having or claiming a legal interest in any of the forfeited property must file a petition with the Court within thirty days of final publication notice or receipt of actual notice, whichever is earlier.

    a.    The petition shall be for a hearing to adjudicate the validity of a petitioner's alleged interest in the forfeited asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited asset and any additional facts supporting the petitioner's claim and the relief sought.

    b.    To the extent practicable, the United States may also provide direct written notice to any person who has an alleged interest in the forfeited asset, as a substitute for published notice.

4.    Upon adjudication of any and all third-party interests, this Court will enter a Final Order of Forfeiture, pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

ORDERED this 18TH day of October 2022.

*[signature]*
JAMES D. PETERSON
United States District Judge